UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. _____

JUDIE KRAMER,

    Plaintiff,

v.

ROYAL CARIBBEAN CRUISES LTD., and
PARK WEST GALLERIES, INC. d/b/a
PARK WEST GALLERY,

    Defendants.
_____/

**COMPLAINT AND JURY TRIAL DEMAND**

    Plaintiff, JUDIE KRAMER, sues Defendants, ROYAL CARIBBEAN CRUISES LTD. and PARK WEST GALLERIES, INC., and alleges:

**Preliminary Allegations**

    1.    Plaintiff, JUDIE KRAMER, is a resident of Louisiana.

    2.    Defendant, ROYAL CARIBBEAN CRUISES LTD. (hereinafter "RCCL"), is a foreign entity with its principal place of business in Miami, Florida.

    3.    Defendant, PARK WEST GALLERIES, INC. d/b/a PARK WEST GALLERY (hereinafter "PARK WEST"), is a corporate entity which maintains its principal place of business at 29469 Northwestern Highway, Southfield, Michigan, and its cruise ship operations at 16000 N.W. 59th Avenue, Suite 100, Miami Lakes, Florida 33014.

    4.    Defendants, RCCL and PARK WEST, are referred to collectively as "Defendants" in this Complaint, where applicable.

1

5. The Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332 because the Parties are completely diverse and the matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. § 1332. In the alternative, if diversity jurisdiction does not apply, then this matter falls under the Court's admiralty jurisdiction

6. This action is being pursued in this Court, as opposed to state court as otherwise allowed by the Saving to Suitors Clause of 28 U.S.C. §1333, because RCCL unilaterally inserts a forum selection clause into its cruise tickets that requires its passengers to file cruise-related suits *only in this federal district and division,* as opposed to any other place in the world.

7. Defendants, at all times material hereto, personally or through an agent:

   a. Operated, conducted, engaged in or carried on a business venture in this state and/or county or had an office or agency in this state and/or county;

   b. Were engaged in substantial activity within this state;

   c. Operated vessels in the waters of this state;

   d. Committed one or more of the acts stated in Florida Statutes, Sections 48.081, 48.181 or 48.193;

   e. The acts of Defendants set out in this Complaint occurred in whole or in part in this county and/or state; and/or

   f. The cruise line ticket RCCL issued to Plaintiff requires that suit be brought in this Court against RCCL in this action.

8. The Defendants are subject to the jurisdiction of the Courts of this state.

9. The causes of action asserted in this Complaint arise under the General Maritime Law of the United States. Notwithstanding the application of General Maritime Law and, pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a jury trial on all claims asserted herein.

10. At all times material hereto, RCCL owned, operated, managed, maintained and/or controlled the subject vessel, *Enchantment of the Seas* (hereinafter referred to as "the vessel").

11. RCCL, as a common carrier, was engaged in the business of providing to the public, and to the Plaintiff in particular, for compensation, vacation cruises.

12. At all times material hereto, PARK WEST was engaged in the business of providing, maintaining, and/or exhibiting art displays for auctions aboard cruise vessel, generally, and to the Plaintiff, in particular, aboard the vessel, *Enchantment of the Seas.*

13. At all times material hereto, Plaintiff was a paying passenger and lawfully aboard the vessel.

14. At all times material hereto, RCCL operated the vessel in navigable waters.

15. On or about June 27, 2019, RCCL permitted PARK WEST to display art for sale in the Bolero Lounge aboard the vessel. RCCL sanctioned and/or sponsored this event by, among other actions, promoting the art display event to its passengers.

16. PARK WEST shared profits with RCCL in relation to the art PARK WEST sold to RCCL's passengers during the subject cruise.

17. On or about June 27, 2019, Plaintiff visited RCCL and/or PARK WEST's art display in the Bolero Lounge aboard the vessel. The area aboard the vessel at which RCCL and/or PARK WEST displayed art for sale contained steps. However, the subject steps were not well lit, were unreasonably slippery, and the hand rails near the steps were blocked by an art exhibit(s) RCCL and/or PARK WEST placed there to sell said art.

18. On or about June 27, 2019, Plaintiff injured her left leg and left knee when she was navigating the art display in the Bolero Lounge aboard the vessel. Specifically, Plaintiff was

injured as a result of the dangerous conditions associated with the steps in the area at which RCCL and/or PARK WEST displayed art for sale.

19. At all times material, the steps in the area at which RCCL permitted PARK WEST to display art for sale constituted a dangerous condition(s) for reasons that include, but are not limited to:

   a. The subject steps in the area where RCCL and/or PARK WEST displayed art for sale were not well lit; stated differently, a person with average perceptive abilities exercising reasonable care under the circumstances for their own safety, like Plaintiff, could not have appreciated the steps and/or their contours due to the inadequate lighting in the area of the subject steps; and/or

   b. The subject steps in the area where RCCL and/or PARK WEST displayed art for sale were unreasonably slippery; stated differently, a person with average perceptive abilities exercising reasonable care under the circumstances for their own safety, like Plaintiff, could not have appreciated the unreasonably slippery nature of the steps prior to using them; and/or

   c. The hand rails near the steps where RCCL and/or PARK WEST displayed art for sale were blocked by an art exhibit(s) RCCL and/or PARK WEST placed there to sell said art; stated differently, a person with average perceptive abilities exercising reasonable care under the circumstances for their own safety, like Plaintiff, could not recognize the existence of the hand rails and/or made use of them due to the art exhibit(s) that obstructed view and/or use of the hand rails.

20. At all times material, RCCL and PARK WEST knew of the dangerous conditions associated the subject steps for reasons that include, but are not limited to:

   a. RCCL employees and/or agents periodically monitored the area aboard the vessel at which PARK WEST displayed art for purposes of cleaning the area and/or remedying dangerous conditions present in that area; had RCCL employees and/or agents reasonably and/or competently monitored the subject area, they did observe and/or would have observed the dangerous conditions outlined above; and/or

   b. PARK WEST employees and/or agents periodically monitored the area aboard the vessel at which PARK WEST displayed its art for purposes of cleaning the area and/or remedying dangerous conditions present in that area; had PARK WEST employees and/or agents reasonably and/or competently monitored the subject area, they did observe and/or would have observed the dangerous conditions outlined above; and/or

4

    c. RCCL and/or PARK WEST placed the art in and around the area at which Plaintiff's incident occurred; in placing the art for display, RCCL and/or PARK WEST knew and/or should have know that such art placement obstructed passengers use of the hand rails near the subject steps.

## COUNT I – NEGLIGENT FAILURE TO WARN AGAINST RCCL

Plaintiff re-alleges, adopts and incorporates by reference the allegations in paragraphs one (1) through twenty (20) as though alleged originally herein.

21. At all times material, RCCL owned, operated, managed, maintained and/or controlled the subject vessel, and permitted PARK WEST to display art aboard the vessel at the location Plaintiff sustained her injuries.

22. At all times material hereto, RCCL had a duty to provide Plaintiff with reasonable care under the circumstances, which included a duty to warn the Plaintiff of dangerous conditions RCCL knew and/or should have known of aboard the vessel, and specifically, in places aboard the vessel that RCCL invited Plaintiff to visit and/or in places RCCL reasonably expected that Plaintiff would visit.

23. On or about June 27, 2019, the Plaintiff visited the PARK WEST art display aboard the vessel, which is a place that RCCL and/or PARK WEST invited Plaintiff and/or a place RCCL and/or PARK WEST reasonably expected Plaintiff to visit during the cruise.

24. On or about June 27, 2019, RCCL and/or its agents, servants and/or employees breached its duty to warn Plaintiff through the following acts and/or omissions:

    a. Failure to timely and/or reasonably warn Plaintiff that the subject steps were not well lit; stated differently, a person with average perceptive abilities exercising reasonable care under the circumstances for their own safety, like Plaintiff, could not appreciate the steps and/or their contours due to the inadequate lighting in the area of the subject steps; and/or

    b. Failure to timely and/or reasonably warn Plaintiff that subject steps were unreasonably slippery; stated differently, that a person with average perceptive

abilities exercising reasonable care under the circumstances for their own safety, like Plaintiff, could not appreciate the unreasonably slippery nature of the steps until using same; and/or

c. Failure to timely and/or reasonably warn Plaintiff that the hand rails near the steps were blocked by an art exhibit(s) RCCL and/or PARK WEST placed to sell said art; stated differently, a person with average perceptive abilities exercising reasonable care under the circumstances for their own safety, like Plaintiff, could not recognize the existence of the hand rails and/or made use of them due to the art exhibit(s) that obstructed view and/or use of the hand rails; and/or

d. Failure to barricade and/or block off the subject steps so as to warn and/or protect passengers, including the Plaintiff, of the dangerous conditions associated with same; and/or

e. Failure to place signs and/or secured mechanisms near the subject steps so as to warn passengers, including the Plaintiff, of the dangerous conditions associated with same.

25. The above acts and/or omissions caused and/or contributed to the Plaintiff being injured because Plaintiff would not have used the subject steps and/or would have been reasonably informed as to the dangerous conditions associated with the subject steps had RCCL and/or their agents, servants and/or employees adequately warned and/or communicated the foregoing to the Plaintiff.

26. At all times material hereto, RCCL knew of the foregoing dangerous conditions causing Plaintiff's incident and failed to warn Plaintiff about them, or the conditions existed for a sufficient length of time so that RCCL, in the exercise of reasonable care under the circumstances, should have learned of them and warned about them

27. As a direct and proximate result of RCCL's negligence, Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost

wages and Plaintiff's working ability has been impaired. The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future. In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs. Further, the injuries resulting from his incident are permanent or continuing in nature and Plaintiff will suffer these losses and impairments into the future.

**WHEREFORE**, Plaintiff demands judgment for all damages recoverable under the law and demands trial by jury.

## COUNT II – NEGLIGENT FAILURE TO MAINTAIN AGAINST RCCL

Plaintiff re-alleges, adopts and incorporates by reference the allegations in paragraphs one (1) through twenty (20) as though alleged originally herein.

28. At all times material, RCCL owned, operated, managed, maintained and/or controlled the subject vessel and permitted PARK WEST to display art aboard the vessel at the location Plaintiff sustained her injuries.

29. At all times material hereto, RCCL had a duty to provide Plaintiff with reasonable care under the circumstances, which included a duty to reasonably maintain the lighting, steps and/or hand rails aboard the vessel.

30. On or about June 27, 2019, RCCL and/or its agents, servants and/or employees breached its duty to reasonably maintain the lighting, steps and/or hand rails aboard the vessel through the following acts and/or omissions:

   a. Failure to adequately and/or regularly maintain sufficient lighting near the steps at which RCCL permitted PARK WEST to display an art exhibit(s) aboard the vessel; and/or

   b. Failure to adequately and/or regularly maintain a reasonably safe coefficient of friction for the subject steps; and/or

      c. Failure to adequately and/or regularly maintain the hand rails near the steps at which RCCL permitted PARK WEST to display an art exhibit(s) aboard the vessel to determine if said hand rails were obstructed.

31. The above acts and/or omissions caused and/or contributed to the Plaintiff being severely injured because Plaintiff's incident would not have occurred but for RCCL's failure to reasonably maintain the lighting, steps and/or hand rails in the Bolero Lounge aboard the vessel.

32. At all times material hereto, RCCL knew of the foregoing dangerous conditions causing Plaintiff's incident and failed to inspect and/or maintain the subject area, or the conditions existed for a sufficient length of time so that RCCL, in the exercise of reasonable care under the circumstances, should have learned of them.

33. As a direct and proximate result of RCCL's negligence, Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost wages and Plaintiff's working ability has been impaired. The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future. In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs. Further, the injuries resulting from his incident are permanent or continuing in nature and Plaintiff will suffer these losses and impairments into the future.

**WHEREFORE**, Plaintiff demands judgment for all damages recoverable under the law and demands trial by jury.

## COUNT III – GENERAL NEGLIGENCE AGAINST RCCL

Plaintiff re-alleges, adopts and incorporates by reference the allegations in paragraphs one (1) through twenty (20) as though alleged originally herein.

34. At all times material, RCCL owned, operated, managed, maintained and/or controlled the subject vessel and permitted PARK WEST to display art aboard the vessel at the location Plaintiff sustained her injuries.

35. At all times material hereto, RCCL had a duty to provide Plaintiff with reasonable care under the circumstances.

36. On or about June 27, 2019, RCCL and/or its agents, servants and/or employees breached its duty to provide Plaintiff with reasonable care under the circumstances through the following acts and/or omissions:

> a. Failing to timely and/or reasonably remedy the dangerous conditions associated with the inadequate lighting in the area of the subject steps; and/or
>
> b. Failing to timely and/or reasonably remedy the dangerous conditions associated with unreasonably slippery steps in the area of Plaintiff's incident; and/or
>
> c. Failing to timely and/or reasonably remedy the dangerous conditions associated with the obstructions to the hand rails near the subject steps; and/or
>
> d. Failure to conduct adequate and/or periodic inspections of the area at which RCCL permitted PARK WEST to display its art exhibit(s) to determine if the area was safely maintained; and/or
>
> e. Failure to provide a reasonably safe passing area(s) for passengers, including the Plaintiff, to use while visiting the area aboard the vessel at RCCL permitted PARK WEST to display art.

37. The above acts and/or omissions caused and/or contributed to the Plaintiff being severely injured because Plaintiff's incident and resulting injuries would not have occurred but for such acts and/or omissions.

38. At all times material hereto, RCCL knew of the foregoing dangerous conditions causing Plaintiff's incident and failed to warn Plaintiff about them, or the conditions existed for a sufficient length of time so that RCCL, in the exercise of reasonable care under the circumstances, should have learned of them and warned about them.

39. As a direct and proximate result of RCCL's negligence, Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost wages and Plaintiff's working ability has been impaired. The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future. In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs. Further, the injuries resulting from his incident are permanent or continuing in nature and Plaintiff will suffer these losses and impairments into the future.

**WHEREFORE**, Plaintiff demands judgment for all damages recoverable under the law and demands trial by jury.

## COUNT IV – NEGLIGENT FAILURE TO WARN AGAINST PARK WEST

Plaintiff re-alleges, adopts and incorporates by reference the allegations in paragraphs one (1) through twenty (20) as though alleged originally herein.

40. At all times material, PARK WEST displayed art aboard the vessel (and specifically at the location Plaintiff sustained her injuries), and thereby had the ability to jointly control (*i.e.*, along with RCCL) the areas aboard the vessel at which it displayed its art.

41. At all times material hereto, PARK WEST had a duty to provide Plaintiff with reasonable care under the circumstances, which included a duty to warn the Plaintiff of dangerous

conditions PARK WEST knew and/or should have known of aboard the vessel, and specifically, in places aboard the vessel that PARK WEST invited Plaintiff to visit and/or in places PARK WEST reasonably expected that Plaintiff would visit.

42. On or about June 27, 2019, the Plaintiff visited the PARK WEST art exhibit display aboard the vessel, which is a place that RCCL and/or PARK WEST invited Plaintiff and/or a place RCCL and/or PARK WEST reasonably expected Plaintiff to visit during the cruise.

43. On or about June 27, 2019, PARK WEST and/or its agents, servants and/or employees breached its duty to warn Plaintiff through the following acts and/or omissions:

   a. Failure to timely and/or reasonably warn Plaintiff that the subject steps were not well lit; stated differently, a person with average perceptive abilities exercising reasonable care under the circumstances for their own safety, like Plaintiff, could not appreciate the steps and/or their contours due to the inadequate lighting in the area of the subject steps; and/or

   b. Failure to timely and/or reasonably warn Plaintiff that subject steps were unreasonably slippery; stated differently, that a person with average perceptive abilities exercising reasonable care under the circumstances for their own safety, like Plaintiff, could not appreciate the unreasonably slippery nature of the steps until using same; and/or

   c. Failure to timely and/or reasonably warn Plaintiff that the hand rails near the steps were blocked by an art exhibit(s) RCCL and/or PARK WEST placed to sell said art; stated differently, a person with average perceptive abilities exercising reasonable care under the circumstances for their own safety, like Plaintiff, could not recognize the existence of the hand rails and/or made use of them due to the art exhibit(s) that obstructed view and/or use of the hand rails; and/or

   d. Failure to barricade and/or block off the subject steps so as to warn and/or protect passengers, including the Plaintiff, of the dangerous conditions associated with same; and/or

   e. Failure to place signs and/or secured mechanisms near the subject steps so as to warn passengers, including the Plaintiff, of the dangerous conditions associated with same.

44. The above acts and/or omissions caused and/or contributed to the Plaintiff being injured because Plaintiff would not have used the subject steps and/or would have been reasonably informed as to the dangerous conditions associated with the subject steps had PARK WEST and/or their agents, servants and/or employees adequately warned and/or communicated the foregoing to the Plaintiff.

45. At all times material hereto, PARK WEST knew of the foregoing dangerous conditions causing Plaintiff's incident and failed to warn Plaintiff about them, or the conditions existed for a sufficient length of time so that PARK WEST, in the exercise of reasonable care under the circumstances, should have learned of them and warned about them

46. As a direct and proximate result of PARK WEST's negligence, Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost wages and Plaintiff's working ability has been impaired. The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future. In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs. Further, the injuries resulting from his incident are permanent or continuing in nature and Plaintiff will suffer these losses and impairments into the future.

**WHEREFORE**, Plaintiff demands judgment for all damages recoverable under the law and demands trial by jury.

## COUNT V – NEGLIGENT FAILURE TO MAINTAIN AGAINST PARK WEST

Plaintiff re-alleges, adopts and incorporates by reference the allegations in paragraphs one (1) through twenty (20) as though alleged originally herein.

47. At all times material, PARK WEST displayed art aboard the vessel (and specifically at the location Plaintiff sustained her injuries), and thereby had the ability to jointly control (*i.e.*, along with RCCL) the areas aboard the vessel at which it displayed its art.

48. At all times material hereto, PARK WEST had a duty to provide Plaintiff with reasonable care under the circumstances, which included a duty to reasonably maintain the lighting, steps and/or hand rails in the areas aboard the vessel that PARK WEST displayed its art to passengers.

49. On or about June 27, 2019, PARK WEST and/or its agents, servants and/or employees breached its duty to reasonably maintain the lighting aboard the vessel through the following acts and/or omissions:

   a. Failure to adequately and/or regularly maintain sufficient lighting near the steps at which RCCL permitted PARK WEST to display an art exhibit(s) aboard the vessel; and/or

   b. Failure to adequately and/or regularly maintain a reasonably safe coefficient of friction for the subject steps; and/or

   c. Failure to adequately and/or regularly maintain the hand rails near the steps at which RCCL permitted PARK WEST to display an art exhibit(s) aboard the vessel to determine if said hand rails were obstructed.

50. The above acts and/or omissions caused and/or contributed to the Plaintiff being severely injured because Plaintiff's incident would not have occurred but for PARK WEST's failure to reasonably maintain the lighting and/or hand rails aboard the vessel.

51. At all times material hereto, PARK WEST knew of the foregoing dangerous conditions causing Plaintiff's incident and failed to inspect and/or maintain the subject area, or the

conditions existed for a sufficient length of time so that PARK WEST, in the exercise of reasonable care under the circumstances, should have learned of them.

52. As a direct and proximate result of PARK WEST's negligence, Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost wages and Plaintiff's working ability has been impaired.  The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future. In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs. Further, the injuries resulting from his incident are permanent or continuing in nature and Plaintiff will suffer these losses and impairments into the future.

**WHEREFORE**, Plaintiff demands judgment for all damages recoverable under the law and demands trial by jury.

## COUNT VI – GENERAL NEGLIGENCE AGAINST PARK WEST

Plaintiff re-alleges, adopts and incorporates by reference the allegations in paragraphs one (1) through twenty (20) as though alleged originally herein.

53. At all times material, PARK WEST displayed art aboard the vessel (and specifically at the location Plaintiff sustained her injuries), and thereby had the ability to jointly control (*i.e.*, along with RCCL) the areas aboard the vessel at which it displayed its art.

54. At all times material hereto, PARK WEST had a duty to provide Plaintiff with reasonable care under the circumstances.

55. On or about June 27, 2019, PARK WEST and/or its agents, servants and/or employees breached its duty to provide Plaintiff with reasonable care under the circumstances through the following acts and/or omissions:

   a. Failing to timely and/or reasonably remedy the dangerous conditions associated with the inadequate lighting in the area of the subject steps; and/or

   b. Failing to timely and/or reasonably remedy the dangerous conditions associated with unreasonably slippery steps in the area of Plaintiff's incident; and/or

   c. Failing to timely and/or reasonably remedy the dangerous conditions associated with the obstructions to the hand rails near the steps; and/or

   d. Failure to conduct adequate and/or periodic inspections of the area at which PARK WEST displayed its art exhibit(s); and/or

   e. Failure to provide a reasonably safe passing area(s) for passengers, including the Plaintiff, to use while visiting the area aboard the vessel at RCCL permitted PARK WEST to display its art exhibit(s).

56. The above acts and/or omissions caused and/or contributed to the Plaintiff being severely injured because Plaintiff's incident and resulting injuries would not have occurred but for such acts and/or omissions.

57. At all times material hereto, PARK WEST knew of the foregoing dangerous conditions causing Plaintiff's incident and failed to warn Plaintiff about them, or the conditions existed for a sufficient length of time so that PARK WEST, in the exercise of reasonable care under the circumstances, should have learned of them and warned about them.

58. As a direct and proximate result of PARK WEST's negligence, Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost wages and Plaintiff's working ability has been impaired. The injuries are permanent

or continuing in nature, and Plaintiff will suffer the losses and impairments in the future. In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs. Further, the injuries resulting from his incident are permanent or continuing in nature and Plaintiff will suffer these losses and impairments into the future.

**WHEREFORE**, Plaintiff demands judgment for all damages recoverable under the law and demands trial by jury.

Dated: May 19, 2020

                                                Respectfully submitted,

                                                LIPCON, MARGULIES,
                                                ALSINA & WINKLEMAN, P.A.
                                                *Attorneys for Plaintiff*
                                                One Biscayne Tower, Suite 1776
                                                2 S. Biscayne Boulevard
                                                Miami, Florida 33131
                                                Telephone: (305) 373-3016
                                                Facsimile: (305) 373-6204

                                     By: */s/ L. Alex Perez*
                                                **MICHAEL A. WINKLEMAN**
                                                Florida Bar No. 36719
                                                mwinkleman@lipcon.com
                                                **JACQUELINE GARCELL**
                                                Florida Bar No. 104358
                                                jgarcell@lipcon.com
                                                **L. ALEX PEREZ**
                                                Florida Bar No. 125452
                                                aperez@lipcon.com